UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL SAMPERIO, | ) | 1:10-CV-01528 LJO SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #18] |
| M. MARTEL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by guilty plea on June 22, 1999, of lewd and lascivious conduct with a child under fourteen years of age with enhancements for kidnaping and burglary. Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District. On September 21, 2000, the appellate court dismissed the appeal for failure to obtain a

---

[1] This information is derived from the documents lodged by Respondent with his response.

1 certificate of probable cause from the trial court.  Petitioner did not seek review in the California
2 Supreme Court.
3       Petitioner later filed three petitions for writ of habeas corpus in the state courts, as follows:
4     1.    Fresno County Superior Court
             Filed: June 7, 2009[2];
5           Denied: July 29, 2009;
6     2.    California Supreme Court
             Filed: August 15, 2009;
7           Denied: January 13, 2010;
8     3.    California Supreme Court
             Filed: January 24, 2010;
9           Denied: July 14, 2010.
10 (See Resp't's Lodged Docs. 3-8.)
11       On July 25, 2010, Petitioner filed the instant federal petition for writ of habeas corpus in this
12 Court.  On December 7, 2010, Respondent filed a motion to dismiss the petition for violating the
13 one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  Petitioner filed an opposition on
14 December 28, 2010.  Respondent filed a reply on February 10, 2011.

15 **DISCUSSION**

16 I.  Procedural Grounds for Motion to Dismiss
17       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
18 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
19 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
20       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
21 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
22 state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
23 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
24 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
25 state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
26 Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

27 ─────────────
28    [2]Pursuant to the mailbox rule, the Court will deem the petitions filed on the dates set forth in the proofs of service, if they are provided. Houston v. Lack, 487 U.S. 266, 276 (1988).

should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on July 25, 2010, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year limitations period on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the California Court of Appeal dismissed the appeal on

September 21, 2000. Petitioner did not file a petition for review. According to the California Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of finality. Rule 28, 33.1, Cal.R.Ct. Thus, direct review concluded on October 31, 2000. The statute of limitations commenced on the following day, November 1, 2000, and expired one year later on October 31, 2001. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.2001). In this case, Petitioner delayed filing the instant petition until July 25, 2010, exceeding the due date by nearly nine years. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

    A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). In this case, Petitioner did not file any state habeas petitions within the limitations period. Accordingly, Petitioner is not entitled to statutory tolling, and the federal petition remains untimely.

    B.  Equitable Tolling

The Supreme Court has held that 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549 (2010). A petitioner is entitled to equitable tolling if he demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 130 S.Ct. at 2562. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner states he is a convicted sex offender and was housed in general population. He

1  argues he should be granted equitable tolling because he could not attempt to locate an inmate "writ-
2  writer" as doing so would alert others to his underlying conviction which in turn would place him in
3  grave danger.  He claims he was not able to locate assistance until he was placed on the sensitive
4  needs yard.  He also contends he is illiterate and a non-English speaker.  Additionally, he claims he
5  should be excused from his untimeliness because he is actually innocent of the underlying crimes
6  and failure to consider his claims would result in a fundamental miscarriage of justice.

7      Petitioner's status as a convicted sex offender is not an extraordinary circumstance beyond
8  his control.  California prisons contain many convicted sex offenders and not all are placed in the
9  sensitive needs yard.  Also, it is Petitioner's own actions, not some external circumstance, that
10 caused him to have this status.   Moreover, it was Petitioner's decision to rely on another inmate for
11 assistance.  The filing of his federal petition was entirely within his control.  He was not prevented in
12 any way by some state-created impediment from filing his federal petition.  He was not beset with
13 circumstances beyond his control.  In addition, he has not shown reasonable diligence.  He claims he
14 requested a transfer to the sensitive needs yard, but the exhibits he presents show his attempts were
15 recent.  He provides no specifics on any earlier attempts to transfer, nor does he present any evidence
16 to show he made such a request prior to September 9, 2008.

17     Petitioner's alleged illiteracy and non-English speaking status also do not merit equitable
18 tolling.  Although a non-English speaking petitioner may be entitled to equitable tolling if he can
19 demonstrate that he was unable, despite diligent efforts, to procure legal materials in his language or
20 assistance from others during the limitations period, this is not the case here.  <u>Mendoza v. Carey</u>, 449
21 F.3d 1065, 1069-71 (9th Cir.2006).  As pointed out by Respondent, Petitioner's claim of illiteracy in
22 the English language is not credible.  During a hearing to exclude Petitioner's confession at trial,
23 Petitioner stated the following:

24   It - - it said there clearly that my name was on top, and I am understood - - *I understand every
     word in English*.  And [the information displayed on the police computer showed] that
25   somebody had taken somebody out through a window, and clearly it was referring to me
     because my name was there.
26
27 (<u>See</u> Resp't's Lodged Doc. 10 at 68 (emphasis added).)

28 Even if Petitioner's claim of illiteracy is credible, which it is not, he fails to explain why and how it

1  took him nine years to secure legals materials in his language or the assistance of others.  This
2  alleged circumstance does not warrant equitable tolling.

3        Finally, Petitioner claims his untimeliness should be excused because he is actually innocent
4  of the crime.  The Supreme Court has not held that an actual innocence exception to the statute of
5  limitations exists.  Even if the Court were to conclude that such an exception existed, Petitioner has
6  not met the standard for actual innocence.  Petitioner must show that the alleged constitutional error
7  "has probably resulted in the conviction of one who is actually innocent." Bousley v. United States,
8  523 U.S. 614, 622 (1998), *quoting*, Murray v. Carrier, 477 U.S. 478, 496 (1986).  Petitioner must
9  demonstrate that in light of the evidence no reasonable juror would have found him guilty. Schlup v.
10  Delo, 513 U.S. 298, 329 (1995).  To be credible, Petitioner must "support his allegations of
11  constitutional error with new reliable evidence that was not presented at trial." Id. at 324.  Petitioner
12  presents no such evidence.  In fact, Petitioner pled guilty to his crime of lewd and lascivious conduct
13  with a child, and he provided a detailed confession to law enforcement personnel on the evening of
14  the assault wherein he admitted taking the five-year-old victim out of her bedroom window during
15  the midnight hours, covering her mouth to stop her screaming, dragging her to a nearby field, and
16  sexually molesting her.  (See Resp't's Lodged Docs. 11, 12.)  He further admitted to having
17  committed the same offense in the same manner on a prior occasion with the same victim.  (See
18  Resp't's Lodged Doc. 12.)  Petitioner's confession was corroborated by the victim's own account
19  and physical evidence.  (See Resp't's Lodged Doc. 13.)  Given the facts, Petitioner's claim of
20  innocence is preposterous.

21        As there exists no circumstance sufficient to justify equitably tolling the limitations period,
22  the petition must be dismissed as untimely.

23        **RECOMMENDATION**

24        Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
25  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to
26  comply with 28 U.S.C. § 2244(d)'s one year limitation period.

27        This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
28  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

1  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
2  California.  Within thirty (30) days after date of service of this Findings and Recommendation, any
3  party may file written objections with the Court and serve a copy on all parties.  Such a document
4  should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to
5  the Objections shall be served and filed within fourteen (14) days after service of the Objections.
6  The Finding and Recommendation will then be submitted to the District Court for review of the
7  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
8  to file objections within the specified time may waive the right to appeal the Order of the District
9  Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.

12  **Dated:     March 3, 2011**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE